UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF


v.                                                                    CRIMINAL ACTION NO. 3:09CR-85-S


KAREN CUNAGIN SYPHER                                                       DEFENDANT


## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Karen Cunagin Sypher, seeking an order changing venue for trial of this matter to either the Bowling Green or Owensboro Division of the Western District of Kentucky. Sypher urges that "the widespread, pervasive nature of the media reports coupled with the prominence and position of the alleged victim in this case makes it impossible to seat a fair and impartial jury in the Louisville Division of the United States District Court for the Western District of Kentucky..." Motion for Change of Venue, p. 5.

The United States has opposed Sypher's motion. It notes that the charged crimes were allegedly committed in Louisville and therefore the indictment was properly returned in the Louisville Division. *See* LCrR[1] 18.2(a) ("Criminal actions will be assigned to the jury division in which the crime is alleged to have occurred."). It contends that the jury pool in the Louisville Division has potential jurors who are "able to lay aside [their] impression[s ]or opinion[s] of the matter and render a verdict based upon the evidence presented in court." *Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007), *quoting Irvin v. Dowd*, 366 U.S. 717, 723 (1961).

---

[1] Joint Local Criminal Rules for the Eastern and Western Districts of Kentucky.

Pretrial publicity has not been excessive in this case. The United States also notes that any national publicity would impact jury pools both inside and outside of the Louisville Metro area. Therefore, in the United States' view, there is little if anything to be gained by "moving the trial approximately 100 miles." Response (DN 56), p. 9.

Fed.R.Crim.P. 18 states that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." LCrR 18.2(a) requires, as local practice, that criminal actions be assigned to the jury division in which the crime is alleged to have occurred. The rule further states that "Any criminal action or proceeding may, in the discretion of the Court, be transferred from the jury division in which it is pending to any other division for the convenience of the Court, the defendant, witnesses, or in the interest of justice." LCrR 18.2(b). Thus the local rule mirrors the considerations set forth in Fed.R.Crim.P. 18 and verifies that trial of this case in any division within the Western District would be proper. It is wholly within the discretion of the court to determine the appropriate balance of convenience and prompt administration of justice in a given case.

As noted in *Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007), "Presumptive prejudice from pretrial publicity occurs where an inflammatory, circus-like atmosphere pervades both the courthouse and the surrounding community." *Foley, citing, Ritchie v. Rogers*, 313 F.3d 948, 952-53; *Gall v. Parker*, 231 F.3d 265, 309 (6th Cir. 2000). Prejudice from pretrial publicity is "rarely presumed." *Id., citing, DeLisle v. Rivers*, 161 F.3d 370, 382 (6th Cir. 1998). Sypher seeks a change of venue on the basis of presumed prejudice. The question of actual prejudice, if any, would be raised at the time of jury selection in this division. *(See, Foley, supra.*, in which the court discussed the theories of presumptive and actual prejudice.) Therefore, the considerations attendant to a finding of actual prejudice are not pertinent to this ruling.

The United States has cited a number of cases in which venue was not changed. The trial courts in those cases did not find presumptive prejudice, and seated juries in the original venues after finding no actual prejudice resulted from pretrial publicity. These cases all involved highly-publicized murders. *Ritchie*, *supra.; Patton v. Yount*, 467 U.S. 1025 (1984); *Kelly v. Withrow*, 25 F.3d 363 (6th Cir. 1994). The appellate courts looked retrospectively at the particulars of jury selection in those cases and found that concerns about pretrial taint had been adequately addressed through careful *voir dire* in each instance.

The United States in this case notes that "[t]he publicity about which Sypher complains is far less inflammatory than that addressed in *Ritchie, Yount, and Kelly,*" and posits that a thorough *voir dire* would effectively ferret out any actual prejudice due to pretrial publicity. Response (DN 56), p. 5. This court agrees.

Sypher is charged with extortion, making false statements to law enforcement, mail fraud and retaliation stemming from a sexual encounter with Rick Pitino allegedly occurring on the premises of Porcini, a Louisville restaurant. The alleged victim is the Head Coach of the University of Louisville ("U of L") men's basketball team. Pitino and U of L's basketball program are prominent in this community. Sordid allegations implicating the personal life of this public figure have garnered some attention from local and national news media. Once a trial date was established, the media began to closely follow the developments in the case. The coverage has not been extensive, however.

The court may find presumptive prejudice from pretrial publicity only "where an inflammatory, circus-like atmosphere pervades the courthouse and the surrounding community." *Ritchie*, 313 F.3d at 952-53. The court finds that nothing close to presumptive prejudice has been shown. This is not the rare case in which a change of venue is mandated before attempting to seat an impartial jury in the case.

Therefore, motion being made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Karen Cunagin Sypher, for a change of venue (DN 53) is **DENIED**.

**IT IS SO ORDERED.**