UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                   PLAINTIFF

v.                                        CRIMINAL ACTION NO. 3:09CR-85-S

KAREN CUNAGIN SYPHER                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of Belo Kentucky, Inc. d/b/a WHAS-TV11 and Melanie Kahn, (collectively, "Belo") to quash the prosecution's subpoena for Kahn's testimony at the criminal trial of the defendant, Karen Cunagin Sypher.

Belo has moved to quash the subpoena issued to its reporter, Kahn, urging that her conversations with Sypher are protected by a reporter's 1st Amendment privilege to protect confidential sources. First, no such privilege has been recognized in this circuit in the context of a subpoena for a reporter's testimony relating to the commission of a crime. *In re Grand Jury Proceedings*, 810 F.2d 580 (6th Cir. 1987). Second, in this instance, there is no confidential source which could be subject to such protection. Sypher is alleged to have called Kahn and asked that a news crew record her entry into the Louisville Metro Police Department to file a criminal complaint against Rick Pitino. This would purportedly show that Sypher sought publicity, not anonymity, from the reporter. Kahn apparently provided just that, broadcasting the next day that Sypher had called the WHAS11 station and requested that it film her.

Belo urges, without explanation, that the broadcast itself, rather than Kahn's testimony, is the best evidence of Sypher's phone call to the station.[1] The court is hard-pressed to grasp how the

---

[1] We set aside, in this analysis, the question of whether the tape could be admitted in evidence at trial, were it offered in the absence of Kahn's testimony. Neither the movant nor the respondent addresses this issue, although it would seem to be an

(continued...)

telecast can constitute best evidence of the phone call, as contrasted with the proposed sworn, direct testimony of the reporter, the actual recipient of the call.  In any event, Belo contends that the Department of Justice (DOJ) policy , 28 C.F.R. § 50.10, requires that alternative means of obtaining the testimony be exhausted before a reporter may be subpoenaed to testify at trial.  The regulation requires the United States to negotiate with the news agency prior to serving a subpoena.  Such negotiations took place, as evidenced by an exchange of letters.  Belo expressed concern that Kahn would be unable to continue reporting on the trial as she might be subject to the rule on separation of witnesses until she was called to testify.  The United States offered to pursue an exception for Kahn to any invocation of the rule, but Belo chose instead to seek to have the subpoena quashed.  Additionally, the United States clearly articulated the limited testimony that it would seek from Kahn at trial, thus attempting to alleviate the concern that the examination of this reporter could be wide-ranging and unconstrained.

The United States has stated in its response that "[b]oth the United States' Attorney's Office and the Department of Justice have determined Kahn's testimony sufficiently important to the case to justify the issuance of a subpoena compelling her testimony at trial."  Response to Motion to Quash, p. 13.  Despite Belo's opposition, the Department of Justice has apparently determined to utilize its subpoena power in this instance.  Belo has not suggested that it is being harassed or that the United States Attorney is acting in bad faith.  Clearly, evidence concerning the alleged phone call received by Kahn bears more than a remote and tenuous relationship to the charge of retaliation which has been brought against Sypher.  As there is no confidential relationship to be preserved in this instance, the remaining considerations in balancing the need for the testimony in the administration of justice with any attendant impairment of the news gathering function are not in issue.  *See, In re Grand Jury*, *supra.*

---

[1](...continued)
important part of the "best evidence" consideration.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Belo Kentucky, Inc. d/b/a WHAS-TV11 and Melanie Kahn to quash (DN 77) is **DENIED.  IT IS FURTHER ORDERED** that the motion of Belo Kentucky, Inc. d/b/a WHAS-TV11 and Melanie Kahn for a hearing (DN 83) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**