UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                 PLAINTIFF

v.                                               CRIMINAL ACTION NO. 3:09CR-85-S

KAREN CUNAGIN SYPHER                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Karen Cunagin Sypher, for severance for trial of Count 5 of the Superseding Indictment. (DN 80).

Count 5 charges Sypher with making a false statement to the Federal Bureau of Investigation ("FBI") when she allegedly told agents that her relationship with a subject of the investigation was "strictly business," when in fact she allegedly had an intimate relationship with that individual.

Sypher does not argue that Count 5 is improperly joined with the other counts. Fed.R.Crim.P. 8(a) permits joinder of charges which are of the same or similar character, charges which are based upon the same acts charged in other counts, or charges which are connected with common scheme or plan. The inclusion of Count 5 in this Superseding Indictment is valid under all three delineated grounds for joinder.

Sypher is charged with similar crimes in Counts 4 and 5. These counts charge Sypher with making false statements to the FBI, in violation of 18 U.S.C. § 1001, during the investigation of the alleged extortion scheme charged in Counts 1 through 3. The alleged false statements were purportedly made in an attempt to divert suspicion as to her involvement with the alleged extortion scheme. Thus her alleged involvement in the scheme and her alleged attempts to deny any such involvement would be part of the same alleged transaction, scheme or plan.

Sypher urges the court to sever Count 5 pursuant to Fed.R.Crim.P. 14(a) which provides for severance where a defendant would be prejudiced by the joinder of certain offenses for trial. Sypher urges that Count 5 is "more akin to 404(b) evidence than a genuine substantive count," (Motion for Severance, p. 2), and then contends that the evidence regarding the making of the alleged false statement charged in Count 5 amounts to inadmissible character evidence. She also contends that a prejudicial "spillover" effect would result if Count 5 is tried with the other charges. (*Id.*).

However, the act charged in Count 5 appears inextricably related to the extortion charges. The United States intends to offer proof that Sypher allegedly used sexual favors to induce certain individuals to participate in the extortion scheme. Such evidence is essential to prove one or more of the extortion charges as well as to prove the falsity of the alleged statement charged in Count 5. Thus the evidence in question forms part of the *res gestae* of the charged crimes.

Sypher recites Fed.R.Evid. 403 in urging that we find that the admission of proof as to Count 5 would be unfairly prejudicial to her in a trial on the other counts. Fed.R.Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The so-called 403 balancing is undertaken upon an offer of relevant and material evidence under Fed.R.Evid. 401. There is no offer of proof here, but rather a request for severance of counts for trial.

Thus a 403 balancing is not the proper mechanism for this analysis. Rather Fed.R.Crim.P. 14(a) permits severance of counts where consolidation of counts for trial appears to prejudice the defendant.

The Sixth Circuit has found severance warranted where the jury would be unable to keep the evidence applicable to each charge separate, and would be unable to render a fair and impartial verdict on each individual charge. *See, United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982). In

this instance there is no danger of confusion as Count 5 charges one specific false statement allegedly made to the FBI concerning Sypher's alleged relationship with a subject of the extortion investigation. Evidence concerning Sypher's alleged statement to the FBI during the investigation would be potentially probative of the extortion charges, despite any severance of Count 5. As the crime charged in Count 5 is easily differentiated from the other charges, Sypher has not shown potential prejudice requiring severance of Count 5 under Fed.R.Crim.P. 14(a).

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Karen Cunagin Sypher, for severance (DN 80) is **DENIED.**

**IT IS SO ORDERED.**