UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                                                  CRIMINAL ACTION NO. 3:09CR-85

KAREN CUNAGIN SYPHER                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

The defendant, Karen Cunagin Sypher, has moved for exclusion of evidence produced by the United States on July 9, 11, and 15, 2010 (DN 93).

She cites Fed.R.Crim.P. 16 which provides that "If a party fails to comply with this rule [regarding discovery], the court may...prohibit a party from introducing the undisclosed evidence..." Fed.R.Crim.P. 16(d)(2)(C). Therefore, any of the documents that were provided to the defendant prior to July 9, 2010 are not properly subject to this motion to exclude. The United States has indicated that many of these documents were, in fact, provided to the defendant previously.

Sypher apparently contends that production of documents on July 9, 11, and 15, 2010 fails to comply with the requirements of Rule 16. Sypher claims that the documents were "withheld," and that the "late production" has complicated and impeded counsel's preparation for trial, to the detriment of the defendant. Motion to Exclude, p. 9. We will address Sypher's concerns in turn.

"Withheld"

Sypher states that "[i]t is unclear why th[ese discovery materials] w[ere] withheld..." *Id.* Upon review of the cover letters accompanying the disclosures and the response of the United States to Sypher's motion, the basis for Sypher's contention that the United States withheld pertinent materials appears to be without merit. The United States recites, line and verse, which items it intends to offer in its case-in-chief, which items were previously disclosed, and which items it does

not intend to offer in its case-in-chief. A number of documents, approximately 65 pages, apparently came into the possession of the United States very recently and those items have now been disclosed. There has been no showing that the newly obtained items were withheld from the defendant.

"Late Production"

The United States has acknowledged its on-going duty to disclose evidence pursuant to Fed.R.Crim.P. 16. It acknowledged as much in its letters of July 9, 11, and 15, 2010. Sypher has been receiving discovery in earnest since March 22, 2010. In May, 2010, the court granted the defendant's motion for continuance of the trial to provide the defendant additional time to prepare. Sypher has not asked for a continuance of the trial of this matter, but rather has moved to preclude the United States from offering the evidence. The court has been shown no basis for the court to impose such a sanction.

"Complicated Preparation"

Sypher contends that her ability to prepare for trial has been complicated by the recent production of various discovery materials. Her difficulty apparently stems from the time needed to review the volume of evidence produced. Time spent reviewing documents is time which is unavailable for other preparation. First, as explained below, the raw page tally for the three July disclosures doe not provide an accurate picture of what is truly newly-disclosed evidence. The bulk of the documents consist of sets of complete records, such as calendars, a brochure, and medical records. The United States has indicated that it does not intend to introduce many of these pages in its case-in-chief. Those items which it intends to offer have either been previously produced or are not so voluminous as to require an inordinate amount of time for review.

"Detriment"

The United States has indicated that the Sprint/Nextel phone records produced in full on July 9, 2010 have been available for inspection since the beginning of the case. It previously isolated and

produced copies of a portion of the records it intends to offer at trial. On July 9, 2010, it produced an additional 16 pages consisting of phone records for the week of March 3 through March 9, 2009. The July 9 production also included 15 photographs of the interior of Porcini restaurant, and a number of additional pages, 17 in all, of items such as a page from Sypher's personal phonebook, an e-mail from Karen Sypher to Tim Sypher dated December 6, 2008, and various real estate records. The production is hardly voluminous and these items would not be unfamiliar to Sypher.

The bulk of the production on July 9 was medical records obtained from Sypher's internist. These additional records were received by the United States on July 1, 2010 and were then produced to the defendant. The defendant has indicated, however, that it does not intend to introduce the recently-disclosed portion of the records in its case-in-chief.

The July 11, 2010 production consists of five pages. The pages include a one-page letter dated January 29, 2007 from Dana Kolter to Timothy Sypher and four pages of Delta Airlines flight information. The minimal review engendered by these few pages militates against a finding of detriment to the defendant by this production.

The newly-disclosed material produced on July 15, 2010 numbers some 559 pages. The first 557 pages, however, consist of (1) Timothy Sypher's 2003 calendar, (2) Vinnie Tatum's 2003 calendar, and (3) the 2008-2009 Louisville Big East Conference brochure. Pertinent portions of the calendars and brochure were produced earlier in discovery. Two additional pages of Porcini receipts for July 31, 2003 were also produced. The United States has indicated that it only intends to introduce in its case-in-chief 57 pages from the calendars and brochure, pages which were produced previously. The additional two pages of Porcini restaurant receipts and ten pages of charts summarizing previously produced cell phone records are the only newly-produced materials which the United States intends to offer in its case-in-chief.

In conclusion, Sypher's motion to exclude evidence at trial is without merit. Sypher's objection to the production is based upon the volume rather than the content of the discovery. The

timing feature of the disclosures is what has purportedly impacted counsel preparation.  However, the court concludes that Sypher has not shown any abuse of discovery by the United States.  Exclusion of evidence is not warranted.  For this reason, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Karen Cunagin Sypher, to exclude evidence at trial (DN 93) is **DENIED.**

**IT IS SO ORDERED.**