RECEIVED
Jeffrey A. Apperson. Clerk

AUG 0 4 2010

U. S. DISTRICT. CLERK
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:09CR-85-S

KAREN CUNAGIN SYPHER                                        DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the superseding indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The superseding indictment or formal charge against any defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because of a desire to strike a favorable bargain with the United States.

So, while such a witness may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

## COUNTS 1, 2, AND 3

The defendant, Karen Cunagin Sypher, is charged in Counts 1 and 2 under Title 18, United States Code, Section 875(d), which makes it a federal crime for anyone to knowingly and willfully transmit in interstate commerce a threat to injure another person's reputation or a threat to accuse another person of a crime.

The defendant is charged in Count 3 under Title 18, United States Code, Section 876(d), which makes it a federal crime for anyone to knowingly and intentionally cause to be delivered through the United States mail a threat to injure another person's reputation or a threat to accuse another person of a crime.

The defendant can be found guilty of the crime charged in any or all of Counts 1, 2, or 3 only if all of the following facts are proved beyond a reasonable doubt with respect to that count:

### Count 1

First:  That on or about February 26, 2009 and February 28, 2009, the defendant, Karen Cunagin Sypher, willfully caused another person to transmit a communication in interstate commerce containing a true threat to injure the reputation of Richard Pitino, or to accuse Richard A. Pitino of a crime; and

Second:  That the defendant did so with the intent to extort money or other thing of value to the defendant.

### Count 2

First:  That on or about March 6, 2009, the defendant, Karen Cunagin Sypher, willfully caused another person to transmit a communication in interstate commerce containing a true threat to injure the reputation of Richard A. Pitino; and

Second:  That the defendant did so with the intent to extort money or other thing of value to the defendant.

- 8 -

## Count 3

First:     That on or about March 22, 2009, the defendant, Karen Cunagin Sypher, knowingly and intentionally caused to be delivered through the United States mail a communication containing a true threat to injure the reputation of Richard A. Pitino or to accuse Richard A. Pitino of a crime; and

Second:    That the defendant did so with the intent to extort money or other thing of value to the defendant.

To "transmit a communication in interstate commerce" means to send the communication from a place in one state to a place in another state. It does not matter whether the defendant intended or even knew that the communication would cross a state line.

A "true threat" is a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would lead a reasonable person to believe that the defendant intended to injure the reputation of another person, or to accuse another person of a crime.

To act with "intent to extort" means to act with the purpose of obtaining money or something of value from someone by means of the wrongful use of a threat to injure someone's reputation or to accuse someone of a crime. When a threat of harm to a person's reputation, or a threat to accuse a person of a crime involves a demand for money or property under circumstances where the threatener does not have, and cannot reasonably believe he or she has, a claim of right to that money or property, the threat is inherently wrongful.

The essence of the crime charged in Counts 1, 2, and 3 is intentionally sending a communication in interstate commerce to extort something of value. The United States does not have to prove that the defendant intended to carry out the threat or succeeded in obtaining the money or any other thing of value.

- 9 -

## COUNTS 4 AND 5

The defendant, Karen Cunagin Sypher, is charged in Counts 4 and 5 under Title 18, United States Code, Section 1001, which makes it a federal crime for anyone to knowingly and willfully make a false statement to an agency of the United States.

The defendant can be found guilty of the crime charged in either of Counts 4 or 5 or both of them, only if all of the following facts are proved beyond a reasonable doubt with respect to that count:

### Count 4

First:    That on or about April 16, 2009, the defendant, Karen Cunagin Sypher, stated to agents of the Federal Bureau of Investigation that she did not know the identity of the person who made extortionate telephone calls to Richard A. Pitino on February 26 and 28, 2009;

Second:    That the statement was false;

Third:    That the statement was material;

Fourth:    That the defendant acted willfully, knowing that the statement was false; and

Fifth    That the statement pertained to a matter within the jurisdiction of the United States government.

### Count 5

First:    That on or about April 16, 2009. the defendant, Karen Cunagin Sypher, stated to agents of the Federal Bureau of Investigation that her relationship with a subject of the extortion investigation was "strictly business;"

Second:    That the statement was false;

Third;    That the statement was material;

| Fourth: | That the defendant acted willfully, knowing that the statement was false; and |
|---|---|
| Fifth: | That the statement pertained to a matter within the jurisdiction of the United States government. |

A statement is "false" if it was untrue when it was made and the defendant knew it was untrue at that time.

A "material" statement is one that has the natural tendency to influence or is capable of influencing a decision of the Federal Bureau of Investigation.

A matter is "within the jurisdiction of the United States government" in this instance if the Federal Bureau of Investigation has the power to exercise authority in the matter. I instruct you as a matter of law that the Federal Bureau of Investigation is an agency of the Executive Branch of the United States government. I further instruct you as a matter of law that an investigation by the FBI of possible violations of the provisions of Title 18 of the United States Code is a matter within the jurisdiction of the Executive Branch of the United States government.

## COUNT 6

The defendant, Karen Cunagin Sypher, is charged in Count 6 under Title 18, United States Code, Section 1513(e), which makes it a federal crime for anyone to knowingly take action harmful to a witness with the intent to retaliate against that witness for providing to a law enforcement officer truthful information relating to the commission of a federal crime.

The defendant can be found guilty of the crime charged in Count 6 only if all of the following facts are proved beyond a reasonable doubt:

First: That the defendant, Karen Cunagin Sypher, knowingly took action against Richard A. Pitino by filing a false report with the Louisville Metro Police Department; and

Second: That the defendant acted with the intent to retaliate against Richard A. Pitino for providing truthful information to a law enforcement officer relating to the commission of a federal crime.

You will note that the superseding indictment charges that the crimes were committed "on or about" certain dates. The United States does not have to prove with certainty the exact dates of the alleged crimes. It is sufficient if the United States proves beyond a reasonable doubt that the crimes were committed on dates reasonably near the dates alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids.

A separate crime is charged in each count of the superseding indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not affect your verdict as to any other crime charged.

The defendant is on trial only for those specific crimes alleged in the superseding indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdicts has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone information about this case or to conduct any research about this case until I have accepted your verdict.


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

KAREN CUNAGIN SYPHER

SUPERSEDING INDICTMENT

NO.   3:09-CR-85-S
18 U.S.C. § 2
18 U.S.C. § 875(d)
18 U.S.C. § 876(d)
18 U.S.C. § 1001
18 U.S.C. § 1513(e)

The Grand Jury charges:

## COUNT 1

On or about and between February 26, 2009 and February 28, 2009, in the Western

District of Kentucky, Jefferson County, Kentucky, the defendant, **KAREN CUNAGIN**

**SYPHER**, willfully caused another to transmit in interstate commerce, with the intent to extort

money or other thing of value from Richard A. Pitino, communications containing a threat to

injure the reputation of Richard A. Pitino and a threat to accuse Richard A. Pitino of a crime.

In violation of Title 18, United States Code, Sections 2 and 875(d).


The Grand Jury further charges:

## COUNT 2

On or about March 6, 2009 in the Western District of Kentucky, Jefferson County,

Kentucky, the defendant, **KAREN CUNAGIN SYPHER**, willfully caused another to transmit in

interstate commerce, with the intent to extort money or other thing of value from Richard A.

Pitino, a communication containing a threat to injure the reputation of Richard A. Pitino.

In violation of Title 18, United States Code, Sections 2 and 875(d).


The Grand Jury further charges:

## COUNT 3

On or about March 22, 2009 in the Western District of Kentucky, Jefferson County,

Kentucky, the defendant, **KAREN CUNAGIN SYPHER**, with the intent to extort money or

other thing of value from Richard A. Pitino, knowingly and intentionally caused to be delivered

by the Postal Service according to the direction thereon a communication addressed to Richard

A. Pitino containing a threat to injure the reputation of Richard A. Pitino and a threat to accuse

Richard A. Pitino of a crime.

In violation of Title 18, United States Code, Section 876(d).


The Grand Jury further charges:

## COUNT 4

On or about April 16, 2009, in the Western District of Kentucky, Jefferson County,

Kentucky, the defendant, **KAREN CUNAGIN SYPHER**, knowingly and willfully made a

materially false and fictitious statement and representation in a matter within the jurisdiction of

the executive branch of the United States in that she told agents of the Federal Bureau of

Investigation that she did not know the identity of the person who made extortionate telephone

calls to Richard A. Pitino on February 26 and 28, 2009, when, in truth and fact, she did know the identity of the caller.

In violation of Title 18, United States Code, Section 1001.

The Grand Jury further charges:

## COUNT 5

On or about April 16, 2009, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **KAREN CUNAGIN SYPHER**, knowingly and willfully made a materially false and fictitious statement and representation in a matter within the jurisdiction of the executive branch of the United States in that she told agents of the Federal Bureau of Investigation that her relationship with a subject of the extortion investigation was "strictly business," when, in truth and fact, she had an intimate personal relationship with that person.

In violation of Title 18, United States Code, Section 1001.

The Grand Jury further charges:

## COUNT 6

On or about and between June 16, 2009 and July 14, 2009, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **KAREN CUNAGIN SYPHER**, with the intent to retaliate against Richard A. Pitino for providing to a law enforcement officer truthful information relating to the commission of a Federal offense, knowingly took actions harmful to

Richard A. Pitino, in making a criminal complaint against Richard A. Pitino to the Louisville

Metro Police Department.

In violation of Title 18, United States Code, Section 1513(e).

A TRUE BILL.

**VERDICT FORM**

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>KAREN CUNAGIN SYPHER | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:09CR-85-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Karen Cunagin Sypher, _____ as to Count 1 of the superseding indictment.
(guilty/not guilty)

The defendant, Karen Cunagin Sypher, _____ as to Count 2 of the superseding indictment.
(guilty/not guilty)

The defendant, Karen Cunagin Sypher, _____ as to Count 3 of the superseding indictment.
(guilty/not guilty)

The defendant, Karen Cunagin Sypher, _____ as to Count 4 of the superseding indictment.
(guilty/not guilty)

The defendant, Karen Cunagin Sypher, _____ as to Count 5 of the superseding indictment.
(guilty/not guilty)

The defendant, Karen Cunagin Sypher, _____ as to Count 6 of the superseding indictment.
(guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|