UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                                           CRIMINAL ACTION NO. 3:09-CR-00085

KAREN CUNAGIN SYPHER                                                            DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on two motions by the defendant (DNs 142 & 144), both of which attempt to convince this court – which has presided over this case since its inception – to recuse. Both of the defendant's motions contain wide-ranging allegations that question the impartiality of this court. However, none of the defendant's claims provide a basis for concluding that this court should recuse.

A jury convicted the defendant on August 5, 2010 of extortion, lying to federal investigators, and retaliating against a witness (DN 110). The recipient of the defendant's threats in this case was Richard Pitino, the head coach of the men's basketball team at the University of Louisville. The defendant was scheduled to be sentenced on October 27, 2010; however, her sentencing was continued due to problems that arose with her newly retained counsel (DN 147). The defendant filed these motions, captioned "Motion To Remove Judge By Defendant Pursuant To 28 U.S.C. § 144" (DN 142) and "Motion To Disqualify Judge And Request For Special Judge" (DN 144) on October 20, 2010. The defendant's first motion is based on the provisions of 28 U.S.C. § 144; the second on

28 U.S.C. § 455 and Canons 2 and 3 of the Code of Conduct for United States Judges.[1] The thrust of the defendant's argument in both motions is that this court is biased against her because it allegedly has financial ties to the arena in which the University of Louisville's men's basketball team plays and because of its alumni connections to the University's School of Law.

**1. Applicable Law**

Section 144 of Title 28 of the United States Code requires a trial court judge to recuse upon the filing of a timely and sufficient affidavit that the judge is biased either against the movant or in favor of any adverse party. 28 U.S.C. § 144. Section 455 of Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such circumstances include "[w]here he has a personal bias or prejudice concerning a party," *id.* § 455(b)(1), or "a financial interest in the subject matter in controversy or in a party to the proceeding,

---

[1]Canon 2 of the Code of Conduct for United States Judges sets forth the general requirement that a judge avoid both actual impropriety and the appearance of impropriety at all times. Canon 3 generally requires a judge to perform the duties of his or her office fairly, impartially and diligently. The defendant's motion specifically implicates Canon 3(C)(1)(c), which requires a judge to recuse if he or she has a financial interest in the subject matter in controversy or another substantial interest that could be affected by the outcome of the case. The parts of Canon 3C relating to disqualification have been codified in 28 U.S.C. § 455.

The defendant also cites to Advisory Opinion No. 57, promulgated by the Committee on Codes of Conduct, which provides a specialized interpretation of Canon 3. This opinion addressed "the question of whether a judge should recuse when the judge owns stock in the parent corporation of a controlled subsidiary that is a party or owns stock in a controlled subsidiary and its parent corporation is a party."

This court recognizes and respects the mandatory and binding nature of the Code of Conduct. However, the defendant's reliance on the Code for relief in this case is misplaced. Once a judge has begun consideration of a particular matter, any challenges to his further consideration of the matter must be pursued through the statutory remedies provided by Congress, not through the Code of Conduct. *Duplan Corp. v. Deering Milliken, Inc.*, 400 F. Supp. 497, 504 (D.S.C. 1975). Thus, we will consider the defendant's statutory arguments but will not address her claims brought pursuant to the Code of Conduct.

or any other interest that could be substantially affected by the outcome of the proceeding." *Id.* § 455(b)(4).

The statutes on which the defendant relies are substantively similar and must be construed *in pari materia*. *See United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). Under both § 144 and § 455, "[r]ecusal is mandated . . . only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Story*, 716 F.2d at 1091 (citing *Trotter v. Int'l Longshoremen's & Warehousemen's Union*, 704 F.2d 1141, 1144 (9th Cir. 1983)). Furthermore, disqualification under both statutes must be predicated on extrajudicial conduct rather than judicial conduct. *Id.* at 1091 (quoting *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980)). The primary difference between the two statutes is that § 455 is self-executing and requires a judge to recuse even in the absence of a party's motion. *Id.* Additionally, § 144 contains certain procedural requirements that are not present in § 455. We will therefore first address the procedural issues with the defendant's motion before turning to the substantive analysis applicable to both statutes.

## 2. Procedural Defects Under § 144

A motion for recusal filed pursuant to § 144 must be accompanied by a "timely and sufficient" affidavit. 28 U.S.C. § 144. The affidavit must state the facts and reasons for the belief that bias or prejudice exists and must be accompanied by a certificate from the movant's counsel of record stating that it is made in good faith. *Id.* Such affidavit must be filed no less than ten days before the beginning of the term at which the proceeding must be heard, or else show good cause for delay. *Id.* The procedural requirements of this statute are strictly construed. *Scott v. Metro.*

*Health Corp.*, 234 Fed. App'x 341, 353 (6th Cir. 2007) (unpublished) (citing *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2001)).

The defendant's § 144 motion is accompanied by a "Sworn Affirmation" from the defendant containing a number of factual allegations with respect to this court's alleged bias. Although not styled as an affidavit, we are satisfied that this document contains the necessary elements to be considered an "affidavit."[2] Its timeliness, however, is another matter.

A motion for recusal under § 144 should be filed "at the earliest possible moment" after obtaining facts demonstrating a basis for recusal. *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). "A motion for recusal filed weeks after the conclusion of trial is presumptively untimely absent a showing of good cause for its tardiness." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted). Here, the defendant waited approximately 18 months after the beginning of her case and 10 weeks after her trial's conclusion to file her motion and affidavit. The defendant alludes to having received evidence of this court's supposed bias "since obtaining new counsel," *see* Sworn Affirmation of Karen Sypher [hereinafter "Sypher Affirmation"] (DN 142) at ¶¶ 8, 10 and asserts that she had "no clue what was going on," prior to her affiliation with her current attorney, Defendant's Reply (DN 166) at 3. However, she does not specifically indicate what previously unknown facts she learned, when she became aware of them, or why she waited until nearly two months after the end of her trial to bring them to light. As the United States points out, many, if not all, of the facts the defendant cites in her affidavit have been publicly available since

---

[2]Black's Law Dictionary defines an affidavit as "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." BLACK'S LAW DICTIONARY (9th ed. 2009). Defendant's Affirmation is written, shows no evidence of coercion, purports to be a statement of facts, and was sworn to and notarized. Therefore, it qualifies as an "affidavit."

the inception of her case. The defendant shows no good cause as to why she failed to raise them until the week before her scheduled sentencing. Her motion is untimely and therefore is denied on that basis.

Section 144 also requires that a motion for recusal include a certificate from the movant's counsel asserting that the motion and affidavit are made in good faith. Such certification is required in order to shield the court, which is not allowed to inquire into the truth of the defendant's allegations, from frivolous or false claims. *See In re Union Leader Corp.*, 292 F.2d 381, 385 (1st Cir. 1961). The certification requirement is grounded in the "assumption that a member of the bar or counsel of record will not indulge in reckless disregard of the truth." *Mitchell v. United States*, 126 F.2d 550, 552 (10th Cir. 1942).

The certification here is included as the penultimate paragraph in the defendant's motion. The certification states: "Now, therefore, pursuant to § 144 I, the undersigned Counsel does [sic] hereby certify that the motion and affidavit of Karen Cunagin Sypher is [sic] being made in good faith and for no other reason." Motion To Remove Judge Pursuant To 28 U.S.C. § 144 (DN 142) at 13. The United States contends that this certification is defective because it "does not certify to, or show the good faith of counsel of record." United States' Response To Defendant's Motions To Disqualify (DN 161) at 8.

It is well-established that a certification accompanying a § 144 affidavit must certify to the good faith of *counsel* as well as that of the affiant. *See, e.g.*, *Union Leader*, 292 F.2d at 385. Here, the language employed by the defendant's counsel is ambiguous. Counsel's use of the passive voice makes it unclear as to whose good faith he is certifying – only his own, only the affiant's, or that of both parties. In light of the purpose of the certification requirement, the serious nature of a recusal

motion, and the demand that we strictly construe § 144's standards, we will not excuse counsel's poor drafting. The certification accompanying the defendant's motion fails to comply with the procedural demands of § 144 and is therefore legally insufficient.

**3. Substantive Analysis**

The procedural defects in the defendant's § 144 motion warrant its denial. However, we will address the substantive allegations contained therein for the sake of completeness and because the defendant's § 455 motion contains almost identical claims.[3] When assessing the facts alleged in an affidavit accompanying a § 144 motion, the court must take them as true. *Story*, 716 F.2d at 1090 (citing *Berger v. United States*, 255 U.S. 22, 35–36 (1921)).[4] However, the court is not required to accept the movant's interpretation of the facts. *See Matter of Demjanjuk*, 584 F. Supp. 1321 (N.D. Ohio 1984). Furthermore, the court "may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Scott*, 234 Fed. App'x at 352 (quoting *Hoffman*, 368 F.3d at 718).

The defendant makes three primary claims with respect to this court's bias: she alleges that this court has financial investments in Stock Yards Bank & Trust Company ("Stock Yards Bank"), an entity identified as a "cornerstone" partner with the KFC Yum! Center, the arena in which the University of Louisville men's basketball team plays; that this court's connections with the University of Louisville, the victim's employer, somehow render it biased against her; and that

---

[3]As noted above, § 455 does not contain the same procedural requirements as § 144.

[4]The "taken-as-true" requirement does not apply when a court is considering a motion made pursuant to § 455. *United States v. Balistrieri*, 779 F.2d 1191, 1203 (7th Cir. 1985). However, if the allegations contained in an affidavit, taken as true, cannot mandate recusal under § 144, they necessarily cannot require recusal under § 455, where their truth or falsehood may be weighed. *Id.* As we will explain, defendant's allegations, even if taken as true, are insufficient to support recusal under § 144; therefore, they also fail to support recusal under § 455.

decisions this court made with respect to media coverage during the defendant's trial show a lack of impartiality. None of these allegations approach the standard necessary to warrant recusal – that is, they would not convince a reasonable person that the judge must be recused for reason of bias.

First, the defendant's allegations with respect to this court's alleged investments with the KFC Yum! Center, even if true, fail to demand recusal as a matter of law. The crux of the defendant's argument here is that this court is somehow "invested" in Stock Yards Bank, Louisville-based bank that local media and the KFC Yum! Center have identified as a "cornerstone partner" with the arena. The defendant claims that the success of Stock Yards Bank (and thus this court's supposed investments in it) depends on the success of the arena; that the success of the arena depends on the success of the University of Louisville men's basketball team; and that the success of the University of Louisville's men's basketball team depends on the continued coaching success of the victim in this case. Even putting aside the obvious logical gap in the defendant's argument – namely, the fact that the fortunes of the Louisville arena and those affiliated with it do not rise and fall based on the outcome of the defendant's trial – the alleged connections between the court, the bank, the arena, the University, the victim, and the defendant are insufficient to support recusal on the grounds of a pecuniary interest.

Recusal is mandated when a judge knows he has a financial interest in a party, the subject in controversy, or any other interest that could be substantially affected by the outcome of the proceeding. 28 U.S.C. § 455(b)(4). However, remote, contingent, or speculative interests do not require recusal. *See Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1029 (5th Cir. 1998) (citing *In re Placid Oil Co.*, 802 F.2d 783, 786–87 (5th Cir. 1986)). Stock Yards Bank and the KFC Yum! Center are not parties to this case. They are also not the subject in controversy, and the tenuous connections

the defendant attempts to draw between these entities and this matter fail to bolster her argument. Even assuming that this court held stock in Stock Yards Bank, its interest would be remote to the point of near absurdity – and certainly insufficient to convince a reasonable person of bias on the part of this court.

This court's connections to the University of Louisville also do not require recusal. The defendant claims that the court is biased in favor of the University, pointing to this court's alleged position as a member of the Board of Directors of the University of Louisville Law Alumni Council, as well as an Outstanding Alumnus Award it received in 1999 from the Law School. The defendant's arguments here fail. The University of Louisville is not a party to this case, and even if it were, this court's past or present connections to its law school would not be sufficient to support recusal. In *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351 (6th Cir. 1988), the Sixth Circuit Court of Appeals held that a trial judge's status as an alumnus of a law school that was a party to a case did not provide a reasonable basis for questioning his impartiality. *Easley*, 853 F.3d at 1356. By extension, if a judge may properly preside over a case in which his alma mater is a *party*, he may certainly preside over one in which his alma mater employs the victim of the defendant's criminal misconduct. The University of Louisville's connection to this case is tangential at best, and this court's one-time relationship with the alumni council at the law school and its receipt of a law school alumni award do nothing to show bias against the defendant or raise the appearance of impropriety.

Apparently in support of her allegation of pro-University of Louisville bias, the defendant also notes that a "cursory review" of the case distribution within the United States District Court for the Western District of Kentucky indicates that this court hears a disproportionate number of cases

concerning the University. Motion To Remove Judge (DN 144) at 18. Specifically, the defendant claims that her "review" showed that this court hears 72 percent of University of Louisville-related cases within the Western District of Kentucky, a result she describes as "statistically unrealistic." The defendant provides nothing beyond this blanket assertion of apparent mathematical impossibility, and conclusory allegations like the one offered here have no place in a recusal analysis. This claim is without merit.

The defendant further argues this court is biased because it supposedly took steps to "promote" media coverage of the trial in a manner that portrayed the defendant "as a woman who sexually preyed on Rick Pitino." Sypher Affirmation at ¶ 7. Specifically, she cites this court's denial of two change of venue motions, its entry of pretrial orders designed to handle the logistical challenges that accompany a high-profile trial, and its decision to make court filings from the case publically available on a website in order to encourage transparency in the trial process. The defendant's allegation here is based entirely on rulings this court made during the pendency of her case. As noted above, claims of bias under both § 144 and § 455 must be rooted in extrajudicial conduct; however, the defendant cites only *judicial* actions in support of her claim. Because rulings adverse to a party or rulings with which a party does not agree do not provide grounds for recusal, *see Story*, 716 F.2d at 1091, the defendant's arguments fail. In addition, it must be observed that the defendant's arguments that there was too much openness and transparency in her prosecution are, in a word, absurd. This nation rejected the Star Chamber centuries ago.

Finally, although this court has passed on the legal sufficiency of the defendant's claims without assessing the truth or falsehood of the claimed "facts," we are not required to allow the

concerning the University. Motion To Remove Judge (DN 144) at 18. Specifically, the defendant claims that her "review" showed that this court hears 72 percent of University of Louisville-related cases within the Western District of Kentucky, a result she describes as "statistically unrealistic." The defendant provides nothing beyond this blanket assertion of apparent mathematical impossibility, and conclusory allegations like the one offered here have no place in a recusal analysis. This claim is without merit.

The defendant further argues this court is biased because it supposedly took steps to "promote" media coverage of the trial in a manner that portrayed the defendant "as a woman who sexually preyed on Rick Pitino." Sypher Affirmation at ¶ 7. Specifically, she cites this court's denial of two change of venue motions, its entry of pretrial orders designed to handle the logistical challenges that accompany a high-profile trial, and its decision to make court filings from the case publically available on a website in order to encourage transparency in the trial process. The defendant's allegation here is based entirely on rulings this court made during the pendency of her case. As noted above, claims of bias under both § 144 and § 455 must be rooted in extrajudicial conduct; however, the defendant cites only *judicial* actions in support of her claim. Because rulings adverse to a party or rulings with which a party does not agree do not provide grounds for recusal, *see Story*, 716 F.2d at 1091, the defendant's arguments fail. In addition, it must be observed that the defendant's arguments that there was too much openness and transparency in her prosecution are, in a word, absurd. This nation rejected the Star Chamber centuries ago.

Finally, although this court has passed on the legal sufficiency of the defendant's claims without assessing the truth or falsehood of the claimed "facts," we are not required to allow the

defendant's inaccurate allegations to stand unchallenged in the record. *United States v. Hoffa*, 382 F.2d 856, 859 (6th Cir. 1967).

This court has not been, during the pendency of this action, a shareholder in Stock Yards Bank & Trust Company. This court has not been a member of the University of Louisville Louis D. Brandeis School of Law Alumni Council Board of Directors since 2006. The Law Alumni Council had nothing whatever to do with the University's athletic program. And this court is certainly not engaged in internal machinations to acquire cases related to the University of Louisville. Case assignments are done blindly, by computer, in the office of the Clerk of Court.

Thus, the defendant's contentions are, to be charitable, misinformed.

For the last 18 months, this court has administered this matter in accordance with the highest standards of fairness and justice. The defendant has received exactly what the United States Constitution entitles her to: "[a] fair trial in a fair tribunal." *In re Murchison*, 349 U.S. 133, 136 (1955). Accordingly, both of the defendant's motions for recusal will be denied.

A separate order will issue in accordance with this opinion.