UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                   PLAINTIFF

v.                                                          CRIMINAL ACTION NO. 3:09-CR-00085

KAREN CUNAGIN SYPHER                                                     DEFENDANT

## MEMORANDUM OPINION

This matter comes before the court on a motion by the defendant to impanel a special grand jury and appoint special counsel (DN 164) to investigate what she characterizes as "criminal civil rights violations" committed against her, her family, and witnesses by "government personnel and private citizens." For the reasons set forth herein, the defendant's motion will be **DENIED**.

The defendant bases her motion on 18 U.S.C. §§ 3331–3334, which were enacted as part of the Organized Crime Control Act of 1970. Specifically, the defendant cites 18 U.S.C. § 3332(a), which provides:

> It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

18 U.S.C. § 3332(a).

A district court may only impanel such a grand jury if the population of the district in which the court sits is more than four million people or if the United States Attorney General, Deputy

Attorney General, Associate Attorney General, or any designated Assistant Attorney General certifies in writing to the chief judge of the district that a special grand jury is necessary because of criminal activity occurring within the district. 18 U.S.C. § 3331(a). Neither of these conditions has been met here.

Moreover, we note that in enacting the special grand jury provisions, Congress specifically intended to combat "such illegal endeavors as syndicated gambling, loan sharking, the theft and fencing of property, the importation of drugs, and other forms of social exploitation . . . ." associated with organized crime. *Simpson v. Reno*, 902 F. Supp. 254, 257 (D.D.C. 1995) (quoting Pub. L. No. 91-452, 84 Stat. 922, 922–23 (1970)). The impaneling of special grand juries is limited to "districts in which organized crime [is] deemed to be most prevalent." *United States v. Fein*, 504 F.2d 1170, 1180 (2d Cir.1974). The offenses the defendant alleges are not of the type Congress clearly intended the statute to address.

Finally, although the defendant asks in her motion that "Special Counsel from outside the Department of Justice be appointed as prosecutor," she offers no legal authority to support her request. Her motion for appointment of special counsel will therefore also be denied.

A separate order will issue in accordance with this opinion.