UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                                            CRIMINAL ACTION NO. 3:09-CR-00085

KAREN CUNAGIN SYPHER                                                             DEFENDANT

# MEMORANDUM OPINION

On August 5, 2010, a jury convicted the defendant of extortion, lying to federal investigators, and retaliating against a witness. The defendant, who is scheduled to be sentenced on February 18, 2011, has filed several post-trial motions, which this court now addresses.

**1. Defendant's Motion For New Trial (DN 184)[1] and Motion for Extension of Time (DN 185)**

Federal Rule of Criminal Procedure 33 governs motions for a new trial. It provides that a court may "vacate a judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). The defendant bears the burden of showing that a new trial should be granted. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). The defendant's motion for a new trial rests on two primary grounds: evidence the defendant characterizes as "newly discovered" and allegedly ineffective assistance of counsel. The defendant also asserts several other grounds for her motion that are too numerous and varied to list here.

**A. Defendant's Motion For Extension of Time**

---

[1] A supplement to this motion containing additional arguments is located at DN 199.

A defendant moving for a new trial based on newly discovered evidence must do so within three years after the verdict or finding of guilt. FED. R. CRIM. P. 33(b)(1). A defendant moving for a new trial for any reason other than newly discovered evidence must do so within fourteen days of the verdict or finding of guilt. FED. R. CRIM. P. 33(b)(2), although a later-filed motion may be accepted if there exists "good cause" to do so and it is shown that the moving party "failed to act because of excusable neglect." FED. R. CRIM. P. 45(b)(1). The defendant has moved for an extension of time to file her motion for a new trial on this ground.

Here, the defendant's motion is timely to the extent it is based on a claim of newly discovered evidence because it was filed within three years of the jury's verdict. Her motion for extension of time will therefore be denied as unnecessary to the extent it pertains to these claims.

However, the defendant's motion for a new trial is untimely to the extent that it is based on any other grounds. Moreover, the defendant's motion for extension of time will be denied because she has failed to show excusable neglect. As noted above, the defendant was convicted on August 5, 2010. On August 17, 2010, her trial counsel filed a motion for an extension of time to file a motion for a new trial, citing a need for post-trial investigation. On September 9, 2010, this court granted that motion, extending the defendant's time to file until 45 days after the jury's verdict. The defendant thus had until September 20, 2010 (the first weekday after the expiration of the 45-day period) to move for a new trial. The defendant did not do so. On October 27, 2010, defendant's current counsel was admitted to practice in this court. Between that time and the filing of the instant motion, the defendant filed five substantive motions, but did not move for a new trial or for an extension of time.

These circumstances do not warrant a finding of excusable neglect. The defendant was already granted one extension of time, but failed to comply with the deadline contained therein. Her current counsel was active in this case for more than 60 days before filing the present motion. And the defendant has offered nothing that shows the lengthy delay in this case was due to factors outside of her control. Even if an investigation were ongoing and necessary for the defendant to make her motion, her counsel could have well moved for an extension of time soon after being admitted to this court. He apparently elected not to do so, which seriously undermines any argument in favor of excusable neglect.

The defendant's motion for an extension of time will be denied, and her motion for a new trial is therefore untimely insofar as it makes any arguments not based on newly discovered evidence.

### B. Newly Discovered Evidence

Motions for a new trial based on newly discovered evidence are "disfavored." *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986). To prevail on a motion for a new trial based on newly discovered evidence, a defendant must establish four elements: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal. *Seago*, 930 F.2d at 488 (citing *O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986)).

The bulk of the evidence the defendant claims is newly discovered was, by the defendant's own admission, culled from the files of her trial counsel. The defendant identifies several documents contained therein she claims she did not know existed: research by Dana Kolter, a prosecution witness and the defendant's former attorney, into potential settlements with the victim in this case; a proposed settlement agreement between the defendant and the victim, drawn up by Kolter, which

would have entitled Kolter to a substantial portion of the settlement proceeds; and a number of electronic mail messages that the defendant claims could have impeached the testimony of several prosecution witnesses, including Kolter. The defendant claims not to have been aware of the existence of these materials prior to retaining her current counsel and reviewing her files. However, that does not change the fact that these documents were available to the defendant's trial counsel and to the defendant prior to and during the trial. They therefore are not newly discovered.

The defendant also claims to have discovered discrepancies in a series of photographs taken of her in Kolter's office and in recordings of three threatening voice mail messages left by an acquaintance of the defendant at the defendant's request. The defendant claims to have recently subjected these photographs and recordings to forensic testing, which allegedly revealed that both Kolter and Lester Goetzinger, the defendant's acquaintance, committed perjury. The results of these tests are not newly discovered evidence. The defendant's trial counsel was aware of and in possession of the photographs and recordings in question prior to the trial. The forensic testing could have occurred – and any alleged discrepancies could have been discovered – well before the defendant's motion for a new trial was filed.[2]

The defendant further alleges that she has been alerted to the existence of new evidence in the possession of the United States that she claims would have served to impeach Kolter's testimony. Specifically, the defendant claims that Kolter had a practice of surreptitiously recording his female clients in his office, that he stored the recordings on his office computer, that the Federal

---

[2]Even if such evidence could be considered "newly discovered," it would not meet the standard necessary to warrant a new trial. "[W]hen the newly discovered evidence focuses on the perjury of a witness, a threshold inquiry is whether the evidence demonstrates that the witness in fact committed perjury." *United States v. Stewart*, 433 F.3d 273, 297 (2d Cir. 2006). The affidavits the defendant submits in support of her allegations of perjury are both equivocal at best and fall far short of demonstrating that either witness committed perjury.

Bureau of Investigation "mirrored" Kolter's computer during a "raid" of Kolter's office, and that the United States therefore has these recordings in its possession. In support of these assertions, the defendant offers an affidavit from a former employee of Kolter who states that Kolter at one point told her the FBI had "raided" his office and taken his records and computer. The United States denies that any raid ever took place, and states that it received the defendant's files from Kolter on a portable "thumb" drive after the defendant executed a waiver of her attorney-client privilege.

The alleged recordings and files are not newly discovered evidence. First, there is no proof, beyond the hearsay statement of Kolter's former employee, that such evidence exists or is in the possession of the United States. Second, even if such evidence did exist, it would not provide any basis for granting a new trial pursuant to Rule 33. It is unclear what relevance recordings or photographs of other women in Kolter's office would have had to the defendant's case, and it is highly questionable whether they would have been admissible at all. Moreover, even if such evidence were extant, relevant and admissible, the defendant herself states that it would have been used to impeach Kolter's testimony.[3] Thus, the photographs and recordings would be merely "impeaching," and therefore could not be newly discovered evidence forming a basis for a new trial. *Seago*, 930 F.2d at 488.

In sum, the evidence the defendant cites as "newly discovered" was either in the possession of her trial counsel, could have been uncovered with due diligence, or is merely cumulative or impeaching. Nothing she identifies justifies granting relief under Rule 33. Her motion for a new trial on this ground will therefore be denied.

---

[3]At trial, Kolter testified that he had a sexual relationship with the defendant, who was at that time his client. He testified that they engaged in a sexual act in his law office, and that he took a picture during that act with his phone. The court wonders how, in light of such evidence, purported other evidence of Kolter photographing other clients could "impeach" his testimony.

**C. Ineffective Assistance of Counsel**

As explained above, any portion of the defendant's motion for a new trial that is not based on newly discovered evidence is untimely and may be denied on that ground alone. However, in an effort to put to rest the defendant's contentions, the court will address the substance of her ineffective assistance of counsel claims.

The defendant claims that she must be granted a new trial because the representation she received was so deficient as to violate the Sixth Amendment to the United States Constitution.[4] A defendant asserting a claim for ineffective assistance of counsel must prove two things: (1) that counsel's performance was deficient and (2) that such deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Proving deficient performance requires the defendant to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Courts give broad deference to an attorney's strategic choices, *see id.* at 689, and it is up to the defendant to overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Defendant's primary arguments for ineffective assistance of counsel can best be summed up as follows:

---

[4]The court notes here that defense counsel appears to have cobbled much of his statement of the law governing ineffective assistance of counsel claims by cutting and pasting, without citation, from the Wikipedia web site. *Compare* Supplemental to Motion for New Trial (DN 199) at 18–19 *with* http://en.wikipedia.org/wiki/Strickland_v._Washington (last visited Feb. 9, 2011). The court reminds counsel that such cutting and pasting, without attribution, is plagiarism. The court also brings to counsel's attention Rule 8.4 of the Kentucky Rules of Professional Conduct, which states that it is professional misconduct for an attorney to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." SCR 3.130(c). *See also In re Burghoff*, 374 B.R. 681 (Bankr. N.D. Iowa 2007) (holding that counsel's plagiarism violated identical provision of Iowa Rules of Professional Conduct). Finally, the court reminds counsel that Wikipedia is not an acceptable source of legal authority in the United States District Courts.

> At trial, each and every witness was given a free pass to testify as they wished without more than a token showing of cross examination by [trial counsel]. A great example of this is discussed in the argument below of the Kolter dilemma.[5] In point of fact, the trial was conducted very much like a Grand Jury proceeding, with only one side presenting a case, AKA, the railroad.
>
> Prior to trial several witnesses came forward with some (19) nineteen ready, willing and able to testify, many under subpoena. When the government rested, so did the Defense, without calling a single witness. Why?

Supplemental to Motion for New Trial (DN 199) at 9–10.

These arguments do not support any finding that the performance of defendant's counsel fell below an objective standard of reasonableness. First, the defendant fails to specifically identify any examples of allegedly deficient cross-examination, relying instead on a blanket assertion that every witness received a "free pass." Moreover, the defendant's assertions are belied by the trial transcripts, which indicate that trial counsel engaged in substantial cross-examination of prosecution witnesses. No prosecution witness received a "free pass" from defendant's trial counsel.

Second, trial counsel's decision to rest without calling any witnesses also provides no basis for an ineffective assistance of counsel claim. As stated above, courts show substantial deference to an attorney's tactical decisions. Here, the defendant's own affidavit establishes that trial counsel's decision to refrain from calling witnesses was a litigation gambit designed to catch the United States

---

[5]Defendant's reference to the "Kolter dilemma" is unclear. As far as the court is able to ascertain, she appears to be referring to trial counsel's failure to impeach Kolter with the draft settlement agreement. Under this agreement, Kolter would have earned a substantial profit from a settlement between the defendant and the victim in this case. The defendant argues that presenting the agreement would have demonstrated that Kolter had a financial interest in the outcome of the defendant's case, and that trial counsel was deficient in not bringing the document before the jury. However, the trial record shows that trial counsel questioned Kolter extensively about his financial interest in the defendant's case during cross-examination such that any introduction of the settlement agreement would have been cumulative at best.

- 7 -

off guard and force it to deliver its closing arguments earlier than expected.[6] The court finds that such a strategy was not objectively unreasonable, and therefore defendant's claim for deficient performance on this ground fails.

The defendant also argues that her counsel "refused to look at evidence," which apparently encompasses his failure to subject the voice mail recordings to forensic testing and his decision not to conduct an extensive interview with Kolter's former employee. An attorney has a duty to make "reasonable" pre-trial investigations, *id.* at 691, but this does not mean that an attorney is required to pursue every possible defense theory. *See id.* (attorneys are entitled "to make a reasonable decision that makes particular investigations unnecessary."). The defendant has not provided

---

[6]The defendant's affidavit, which accompanies her Motion for New Trial, reads as follows:
> 13. During trial I had numerous witnesses who wanted to testify on my behalf that would have refuted the allegations against me.
>
> 14. All of the witnesses were fully expecting to testify and were told by [trial counsel] that he was going to begin calling them the very next day to testify in my defense.
>
> 15. After the Government rested its case [trial counsel] informed the witnesses he would not be having them testify.
>
> 16. On the way back to [trial counsel's] office after the government rested its case, [trial counsel] stated to me that he had an idea "that will drop a bomb on the Government" and that he [trial counsel] has made a decision.
>
> 17. When we arrived at [trial counsel's] office he directed me to come into his office where he informed me that he was not going to call any witnesses and that I needed to trust him and not tell a single soul about this decision. [Trial counsel] informed me that his decision was final and that he was not going to allow myself or anyone to testify.
>
> 18. When I demanded to testify and have my witnesses testify he told me "no, this is the way it is going to be."
>
> Aff. of Karen Cunagin Sypher (DN 184-5) ¶¶ 13–18.

anything to convince this court that trial counsel's decision not to pursue these avenues of investigation was unreasonable. Moreover, she has presented no other proof that any other aspects of her trial counsel's pre-trial investigation or preparation were inadequate.[7] Her claim fails on this ground as well.[8]

Finally, the defendant makes various allegations throughout her motion that her trial counsel was somehow in collusion with the United States. Such claims are unsupported by the record and appear to have no factual basis. Needless to say, they provide no grounds for a finding of ineffective assistance of counsel.

In addition to her failure to show that trial counsel's performance was objectively unreasonable, the defendant has also made no showing of prejudice. To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The defendant simply has not done so here.

**D. Other Grounds**

The defendant makes a number of other allegations throughout her motion, including vague references to prosecutorial misconduct, "subterfuge" by her trial counsel and past counsel, and a "mass conspiracy" against her. In addition to being untimely, such arguments are conclusory or otherwise unsupported by evidence and need not be addressed in detail here. The court finds that, even if the defendant's motion were timely, she has not shown that the "interest of justice" requires she be granted a new trial.

---

[7]The defendant asserts that trial counsel's files were in "pristine condition and had never been reviewed" when she received them. No evidence is offered in support of this claim.

[8]From this court's vantage point, defendant's trial counsel, James Earhart, handled the defendant's case vigorously, capably, and professionally, both prior to and during the trial.

**2. Defendant's Motion for Rule 11 Sanctions**

The defendant has also moved to dismiss this case pursuant to Rule 11 of the Federal Rules of Civil Procedure (DN 199). These rules apply to civil proceedings in the United States district courts. FED. R. CIV. P. 1. This being a criminal matter, the Rules of Civil Procedure are inapplicable, and therefore the defendant's reliance on them is inappropriate. Her motion for Rule 11 sanctions will be denied.

**3. Defendant's Evidentiary Motions**

The defendant has filed several motions requesting additional discovery of evidence. Specifically, the defendant has asked that this court order the United States to produce the "originals" of the photographs and recordings presented at trial and to order Kolter and Goetzinger to provide "voice exemplars" for comparison purposes (DN 183); that she be granted access to Kolter's office for "inspection" purposes (DN 189); and that a long list of individuals, some of whom have only a distant connection with this case, be ordered to produce all electronic mail and text messages made or received between August 2003 and the present (DN 192).

No legal authority requires or authorizes such post-trial discovery. The defendant has pointed this court to no rule, statute, or case that would warrant the re-opening of the discovery process six months after the end of her trial. The time for the discovery and presentation of evidence has long passed, and the defendant may not now attempt to re-try her case in her post-trial motions. All three of the defendant's evidentiary motions will be denied.

**CONCLUSION**

For the foregoing reasons, the defendant's motion for extension of time, motion for new trial, motion for Rule 11 sanctions, and evidentiary motions will all be denied. A separate order will issue in accordance with this opinion.