UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                                     CRIMINAL ACTION NO. 3:09-CR-00085

KAREN CUNAGIN SYPHER                                   DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on the defendant's motion for release pending appeal (DN 244). For the reasons set forth herein, the defendant's motion will be **DENIED**.

On August 5, 2011, a jury found the defendant guilty of extortion, lying to federal investigators, and retaliating against a witness (DN 110). On February 18, 2011, the defendant was sentenced to a total of 87 months incarceration and two years of supervised release (DN 239). Over the objections of the United States, the defendant was not taken into custody immediately following sentencing, but was instead allowed to participate in the voluntary surrender program. The defendant filed a notice of appeal (DN 236) with this court on February 21, 2011, and now moves to be released pending the resolution of her appeal with the United States Court of Appeals for the Sixth Circuit.

Pursuant to 18 U.S.C. § 3143, a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or petition for a writ of certiorari, must be detained unless (1) the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community and (2) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result

in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of time served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1).[1] The defendant bears the burden of showing that these conditions are met. *See United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

The defendant has failed to meet this burden in at least two respects: she has not shown that the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence, and she has not shown that the appeal is not for the purposes of delay.

**1. Substantial Question of Law or Fact**

An appeal raises a "substantial question" of law or fact when it presents a "close question or one that could go either way." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (citing *United States v. Powell*, 761 F.2d 1227, 1233–34 (8th Cir. 1985)). The question must be "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id.* In her brief, the defendant identifies a number of issues she claim raise substantial questions of law or fact. Upon review, however, the court concludes that none of these matters constitute a "close question or one that could go either way."

The court has already analyzed in detail most of the issues the defendant identifies in her present motion. In a Memorandum Opinion dated December 22, 2010 (DN 174), the court examined the defendant's arguments that this court should recuse due to a conflict of interest, ultimately

---

[1]The court notes that not all offenses are eligible for bond pending appeal. Individuals who have been convicted of the offenses outlined in 18 U.S.C. §§ 3142(f)(A), (B), and (C) must be detained, even if that individual has filed an appeal or petition for a writ of certiorari. 18U.S.C. § 3143(a)(2).

concluding that these arguments were without merit.[2] *See United States v. Sypher*, No. 3:09-CR-00085, 2010 WL 5393849 (W.D. Ky. Dec. 22, 2010). In a Memorandum Opinion dated February 9, 2011 (DN 223), this court addressed the defendant's arguments with respect to the performance of her trial counsel, concluding that the defendant had provided no grounds for a finding of ineffective assistance. *See United States v. Sypher*, No. 3:09-CR-00085, 2011 WL 579156 (W.D. Ky. Feb. 9, 2011). In that same opinion, the court also unequivocally held that the defendant was not entitled to a new trial based on what she characterized as newly discovered evidence or, for that matter, on any other ground. *See id.* The defendant now raises these issues again, reiterating many of the same arguments this court has previously found to be unavailing. She has, however, cited no authority or provided evidence of any fact that would cast doubt on this court's prior conclusions.

The few matters the defendant raises in the instant motion that have not been previously addressed also fail to present substantial questions of law or fact. The defendant repeatedly takes issue with this court's decision not to hold an evidentiary hearing on her motion for a new trial. However, it is well-established that whether to hold such a hearing is committed to the discretion of the trial court. *United States v. O'Dell*, 805 F.2d 637, 643 (6th Cir. 1986). The defendant has provided nothing beyond her own dissatisfaction with the court's ruling to demonstrate that a close question exists as to whether denial of a hearing was an abuse of discretion. Similarly, although the defendant argues that her trial was unfairly prejudiced by pretrial publicity and media attention, she fails to show how any close question exists with respect to this court's decisions regarding the venue of the trial, the media, or the management of the jury. And while the defendant complains about this

---

[2]Less than two weeks before her February 18 sentencing, the defendant filed a petition for a writ of mandamus with the Sixth Circuit Court of Appeals, asking that the appeals court order this court to recuse. The Court of Appeals denied the defendant's petition, noting that the recusal issues examined in the December 22 Memorandum Opinion were "resolved . . . in a way that is likely to be upheld on appeal." Order at 2, *In re Karen Cunagin Sypher*, No. 11-5158 (6th Cir. Feb. 14, 2011).

court's denial of her post-trial motions, she offers nothing to show the existence of a close question with respect to any of these rulings.

Finally, in her reply brief, the defendant makes much of an alleged admission by Tom Gaebler, an acquaintance of the defendant, which the defendant claims contradicts the testimony of Lester Goetzinger, a prosecution witness. At trial, Goetzinger testified that he had made three phone calls to the victim in this case at the defendant's request.[3] According to the defendant, Gaebler recently came forward and stated that he – not Goetzinger – made the third phone call. The defendant claims that this supposed discovery raises a substantial question that warrants her release pending appeal.

This argument fails for two reasons. First, it is wholly unsupported by evidence. The defendant claims to have received a sworn statement from Gaebler in which he admitted to making the third call. The defendant has not, however, submitted this statement to the court. The only evidence she has provided consists of an affidavit from Darlene Price, an individual with no clear relationship to this action. Price claims to have interviewed Gaebler, and in her affidavit provides a summary of his alleged admission. This "evidence," however, is pure hearsay, and this court accordingly finds the defendant's argument with respect to Gaebler's statement to be without merit.

Moreover, even if the defendant had provided proof of Gaebler's statement, his admission would not call into question the validity of the defendant's conviction. The record shows that the defendant's trial counsel presented to the jury the theory that Goetzinger was not the only individual who made the calls; in fact, Goetzinger was vigorously cross-examined on this point. *See*

---

[3] These phone calls formed the basis for Count 1 of the Superseding Indictment issued against the defendant.

Tr. of Goetzinger Testimony (DN 126) at 51. The defendant's trial counsel also asked Goetzinger to read the text of the third call in court, and immediately followed Goetzinger's reading with a playing of the recorded message. *Id.* at 43. Thus, the jury had ample opportunity to consider the "multiple caller" theory and assess Goetzinger's credibility during the defendant's trial. It nonetheless convicted the defendant on all counts on which she was indicted. The court therefore concludes that Gaebler's alleged admission, even if true, does little to bolster the defendant's case in favor of release pending appeal.

In short, although the defendant offers a lengthy list of "issues" to be presented on appeal, she provides no legal authority – and indeed, no rational argument – that any issue amounts to a substantial question of law or fact. The court therefore holds that the defendant has failed to meet her burden on this point.[4]

**2. Appeal Not For Purposes of Delay**

Although the lack of a substantial question of law or fact is fatal to the defendant's motion, the defendant has also failed to show that her appeal is not for the purposes of delay. In fact, given

---

[4] As the United States points out, defendant's counsel has apparently continued with this motion his practice of copying, without sufficient attribution, substantial portions of other works into his own. The court noted in its February 9 Memorandum Opinion that defendant's counsel had cut and pasted a portion of his brief from the web site Wikipedia. It has now come to the attention of the court that portions of the defendant's motion for release pending appeal appear to have been copied from a Federal Judicial Center handbook on the Bail Reform Act of 1984. *Compare* Motion for Release Pending Appeal (DN 244) at 5, 10–11 *with* DAVID N. ADAIR, JR., FED. JUDICIAL. CTR., THE BAIL REFORM ACT OF 1984 39–40, 41–42 (3d ed. 2006). The court reminds counsel that it is inappropriate to repeat, verbatim, substantial portions of other works in a manner that makes such work appear to be the brief writer's own. The court also reminds counsel that the proper way to cite quotations of source material is by a direct citation to the source, not through use of a "see also" signal at the end of a lengthy string citation. *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 1.2(a) at 54 (Columbia L. Rev. Ass'n et al. eds., 19th ed. 2010) (explaining that no signal is used "when directly quoting an authority," whereas the "see also" citation is used when "[c]ited authority constitutes additional source material that supports the proposition.").

the utter lack of substance in the issues the defendant raises, the court concludes without effort that the defendant has not met her burden on this point. Her motion will be denied for this reason as well.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion for release pending appeal will be denied. A separate order will issue in accordance with this opinion.